Tiffany S. Woods, CA Bar No. 257075
tiffany.woods@ogletree.com
Young W. Choi, CA Bar No. 334928
young.choi@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendants
ESA MANAGEMENT, LLC, a Delaware
limited liability company and
RYAN MILLER, an individual

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS STIBOR, an individual<br><br>Plaintiff,<br><br>vs.<br><br>ESA Management, LLC, a Delaware limited liability company; Ryan Miller, an individual; and Does 1 through 50, inclusive<br><br>Defendants. | Case No. Pending  **'25CV3787 JAH  JLB**<br><br>**DEFENDANTS ESA MANAGEMENT, LLC AND RYAN MILLER'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[*Filed concurrently with Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Declaration of Nadia Herrera; and Declaration of Tiffany S. Woods*]<br><br>Complaint Filed: November 21, 2025<br>Trial Date:        None Set<br>District Judge:    Hon. TBD<br>Magistrate Judge:Hon. TBD |

DEFENDANTS ESA MANAGEMENT, LLC AND RYAN MILLER'S
NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF ROSS STIBOR AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant ESA MANAGEMENT, LLC, a Delaware limited liability company ("ESA") hereby petitions this Court to remove this action from the Super Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.  ESA makes this petition on the grounds that (1) complete diversity of citizenship exists between Plaintiff ROSS STIBOR ("Plaintiff"), a citizen of California, ESA, a citizen of Delaware, and Defendant RYAN MILLER ("Miller"), a sham defendant whose citizenship should be disregarded; (2) the amount in controversy exceeds $75,000; and (3) the foregoing facts were also true when Plaintiff filed the Complaint.

## I.   THE STATE COURT ACTION

1.   On or about November 21, 2025, Plaintiff filed an action against Defendants  entitled "ROSS STIBOR, an individual, v. ESA Management, LLC, a Delaware limited liability company; Ryan Miller, an individual; and Does 1 through 50, inclusive" in San Diego County Superior Court, Case Number 25CU063311C.

2.   On or about November 26, 2025, Plaintiff served ESA's agent for service of process, National Registered Agents, Inc., with the following documents: Summons, Complaint, Civil Case Cover Sheet. True and correct copies of these documents are attached collectively as **Exhibit "1"** to the Declaration of Tiffany S. Woods ("Woods Decl.") in Support of Notice of Removal of Action Under 28 U.S.C. § 1441 (B) (DIVERSITY).

3.   On December 1, 2025, the Plaintiff improperly served Miller by substituted service at an incorrect address. After meeting and conferring with the Plaintiff's counsel, Miller agreed to accept service through a Notice of Acknowledgment of Receipt. On December 11, 2025, the Plaintiff's counsel emailed

2

a Notice and Acknowledgment of Receipt, along with the Summons, Complaint, and Civil Case Cover Sheet, for Miller. True and correct copies of these documents are attached collectively as **Exhibit "2"** to the Woods Decl.

4. On December 22, 2025, Miller timely signed and served his fully executed Acknowledgment of Receipt. A true and correct copy of Miller's Acknowledgment of Receipt is attached as **Exhibit "3"** to the Woods Decl.

5. On December 26, 2025, ESA and Miller (collectively, "Defendants") timely filed and served their Answer to Plaintiff's Complaint in San Diego County Superior Court.  A true and correct copy of Defendants' Answer is attached as **Exhibit "4"** to the Woods Decl.

## II.   REMOVAL IS TIMELY

6. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger removal period).

7. Pursuant to 28 U.S.C. § 1446(b), this removal is timely being filed within thirty (30) days from the date of the date ESA was served with the Summons and Complaint in this matter.

## III.   COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

8. This timely Notice is based on complete diversity of the parties. Plaintiff is a citizen of the State of California, Defendant ESA is a citizen of the State of Delaware and Defendant Miller is a sham defendant whose citizenship should be disregarded.

DEFENDANTS ESA MANAGEMENT, LLC AND RYAN MILLER'S
NOTICE OF REMOVAL OF CIVIL ACTION

### A.   Plaintiff Is A Citizen Of The State Of California

9.   For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

10.   At all relevant times, including the date the state court action was filed and the date of this removal, Plaintiff was, and still is, a resident and citizen of the State of California. Plaintiff worked for ESA from approximately June 9, 2025 through September 10, 2025. *See* Declaration of Nadia Herrera in Support of Notice of Removal of Action Under 28 U.S.C. § 1441 (B) (DIVERSITY) ("Herrera Decl.") at ¶ 7. Throughout his employment with ESA, all of Plaintiff's job duties were performed within the State of California. *Herrera at. 8.* Furthermore, Plaintiff maintained a residential address in the State of California during the entirety of his employment. *Id.* Throughout his employment, Plaintiff was required to provide his residential address to ESA  and Plaintiff's last known address is in the State of California. *Id.* Lastly, Plaintiff sets forth at all times relevant in this complaint, "Plaintiff, at all times relevant to this action was, a resident of San Diego County, California." (Compl. ¶ 3.) As such, ESA reasonably believes Plaintiff has no intent to leave the State of California to return to another state and that at all relevant times, including the date the state court action was filed and the date of this removal, Plaintiff was, and still is, a resident and citizen of the State of California.

### B.   Defendant ESA Is A Citizen Of The State of Delaware

11.   ESA was, at the time the Complaint was filed, and still is, incorporated in the State of Delaware. Herrera Decl. at ¶ 3.

12.   The Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. In *Hertz Corporation v. Friend, et al.,* 559 U.S. 77 (2010), the United States Supreme

Court adopted the "nerve center" test for determining corporation citizenship in diversity jurisdiction cases. The Court held that the "'principal place of business' as contained in section 1332(c)1 is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz,* 559 U.S. at 92. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters provided that the headquarters is the actual center of direction, control and coordination." *Ibid.* ESA's principal place of business is in the State of North Carolina. Herrera Decl. ¶ 3. ESA's executive and administrative operations are currently managed from its North Carolina location. *Id.* ESA does not maintain a principal place of business in the State of California. *Id.* In addition, ESA's executive officers, including its Chief Executive Officer, Chief Financial Officer, Secretary, General Counsel and certain other executive leaders maintain their offices at ESA headquarters in Charlotte, North Carolina. Herrera Decl. ¶ 4. Under the "nerve center" test, ESA is a citizen of the State of North Carolina.

13. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, ESA is, and was at the time of filing of the Complaint, a citizen of the State of Delaware and North Carolina, but not California. Therefore, ESA is completely diverse from Plaintiff.

### C.   Defendant Miller's Citizenship Should Be Disregarded As He Is A Sham Defendant

14. Defendant Miller must be disregarded for purposes of diversity because he is a "sham" defendant, i.e., he cannot be found liable as a matter of law. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

15. "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Inclusion of "Doe"

defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998).

16. It is well-settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. *Morris*, 236 F.3d at 1067; *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1100-01 (C.D. Cal. 2002). Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder ... is a sham or fraudulent device to prevent removal."); *McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent."). If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 248-249 (E.D. Cal. 1992).

17. Plaintiff's Complaint arises from an employment dispute against his former employer, ESA, for the following: (1) Disability Discrimination; (2) Failure to Provide Reasonable Accommodations; (3) Failure to Engage in Good Faith Interactive Process; (4) Retaliation; (5) Failure to Prevent Discrimination and Retaliation; (6) Wrongful Termination; (7) Fraud - Intentional Misrepresentation; and (8) Fraud - Negligent Misrepresentation. Woods Decl. Ex. 1, Complaint, ¶¶ 18-128. Plaintiff's only claims alleged against individual defendant Miller are

6

intentional misrepresentation and negligent misrepresentation. *Ibid*. Plaintiff's claims against Miller fail as a matter of law as Plaintiff fails to allege facts sufficient to sustain claims of intentional misrepresentation and negligent misrepresentation against Miller; and the facts pleaded against Miller, even if true, merely constitute statements of opinion and/or prediction that are non-actionable under claims of intentional misrepresentation and negligent misrepresentation.

### D. Plaintiff's Intentional And Negligent Misrepresentation Claims Fail As A Matter Of Law

18. Plaintiff's causes of action for Intentional and Negligent Misrepresentation against Miller are without merit as the allegations pleaded do not set forth a viable claim for fraud under California law.

19. The elements of a cause of action for fraud (intentional misrepresentation) are: (1) representation of past or existing material fact; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; and (5) reliance and resulting damage. *Lesperance v. North American Aviation, Inc.,* 217 Cal.App.2d 336, 344-45 (1963). The reliance must be justifiable. *Stansfield v. Starkey,* 220 Cal.App.3d 59, 72-73 (1990). The elements of negligent misrepresentation similarly require a false representation of past or existing fact, made without reasonable grounds for believing it to be true, intent to induce reliance, justifiable reliance, and resulting damage.

20. A representation is not normally actionable if it is merely an expression of opinion as to a future fact or occurrence. *Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells,* 86 Cal.App.4th 303, 309-10 (2000) ("It is hornbook law that an actionable misrepresentation must be made about past or existing facts; statements regarding future events are merely deemed opinions."). "The law is well established that actionable misrepresentations must pertain to past or existing material facts. Statements or predictions regarding future events are deemed to be mere opinions which are not actionable." *Cansino v. Bank of America,* 224 Cal.App.4th 1462, 1469 (2014).

DEFENDANTS ESA MANAGEMENT, LLC AND RYAN MILLER'S
NOTICE OF REMOVAL OF CIVIL ACTION

21. Here, Plaintiff's claim for Intentional and Negligent Misrepresentation against Miller is based on a one sentence allegation wherein Plaintiff alleges that "[Miller] fals[ely] told Plaintiff that if he resigned, he would be eligible to receive unemployment benefits." Compl. ¶¶ 23, 110, 120. This allegation is, at most, a nonactionable statement of law and/or an opinion about the legal consequences of Plaintiff's voluntary resignation, not a misrepresentation of past or existing material fact. The allegation is not actionable against either defendant, let alone Miller.

22. In *Borba v. Thomas,* 70 Cal.App.3d 144, 151–52 (1977), the seller allegedly stated there would be "no problem" obtaining Bureau of Reclamation price approval, which the buyer claimed induced him to drop a protective approval contingency; the Court of Appeal held that such a statement was merely an expression of opinion regarding the future decision of a governmental body, not a misrepresentation of existing fact, particularly where the buyer already knew approval was required, the seller did not hold himself out as specially qualified on the subject, there was no fiduciary or trust relationship, and there was no evidence of superior knowledge or exclusive access to information about the Bureau.

23. Similarly, Miller's alleged statement that Plaintiff "would be eligible to receive unemployment benefits" if he resigned is directly analogous – it is, at most, a lay opinion or prediction about how the Employment Development Department ("EDD") will apply the California Unemployment Insurance Code ("CUIC") and other unemployment insurance statutes in the future, not a statement of an existing, concrete fact under Miller's control. It can be asserted from the Complaint that Plaintiff understood he was dealing with his supervisor in an ordinary employment setting. Plaintiff pleads no facts suggesting Miller had superior legal or technical knowledge about EDD determinations, no fiduciary or confidential relationship, and no exclusive access to information about how EDD would rule. Plaintiff's inquiry regarding EDD benefits, if true, would have been better suited for the Human Resource Department, not his direct supervisor.

DEFENDANTS ESA MANAGEMENT, LLC AND RYAN MILLER'S
NOTICE OF REMOVAL OF CIVIL ACTION

24. Plaintiff cannot convert a lay individual's opinion about a future decision of a public agency into actionable fraud or negligent misrepresentation, and he cannot establish justifiable reliance on such an opinion as a matter of law.

25. Accordingly, Plaintiff's Intentional and Negligent Misrepresentation against Miller fail as a matter law.

## IV.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTEREST AND COSTS

26. The Court may rely on the Notice of Removal to establish the amount in controversy. 28 U.S.C. § 1446 (c)(2)(A)-(B).

27. A removing party only needs to estimate and allege the amount in controversy; there is no requirement that the removing party submit evidentiary submissions to support that estimate. *See Lewis v. Verizon Commc'ns, Inc.* 627 F.3d 395, 400 (9th Cir. 2010) (holding that, in diversity removals, a removing party needs only to "estimate of the total amount in dispute" that "need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements"); *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) citing *Arias v. Residence Inn by Marriott,* 936 F.3d 920, 922 (9th Cir. 2019) ("when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions.").

28. The Court may also, for removal purposes, look to the pleadings for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). In determining whether the jurisdictional minimum is met, the Court considers *all* recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm 'n,* 432 U.S. 333, 347-48 (1977); Galt *G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin. Services, Inc.,* 75 F.3d 311, 315 (7th Cir. 1996). These damages include those "that can reasonably be anticipated at the time of removal, not merely those already

incurred." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C06-07788 JSW, 2007 WL 1223699 at \*3-\*4 (N.D. Cal. April 24, 2007). Further, while a court may not consider speculative facts baldly reciting damages in excess of the jurisdictional minimum, the Court may properly rely on the facts presented in the complaint, notice of removal, and any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003); 28 U.S.C. § 1332(a); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

29.     Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000.00. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295 (5th Cir. 1999).

30.     In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), *citing*, *Burns v. Windsor Ins. Co.* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").  The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843 n.1 (9th Cir. 2002), citing, *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

31.     Here, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  ESA meets its burden, without admitting that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his theories. Plaintiff seeks to recover compensatory damages, including loss of past and

DEFENDANTS ESA MANAGEMENT, LLC AND RYAN MILLER'S
NOTICE OF REMOVAL OF CIVIL ACTION

future earnings. Complaint, Prayer for Relief at ¶ 1. Plaintiff also seeks: special damages for pain and suffering, emotional distress, and loss of reputation; consequential and incidental damages; unpaid wages and expenses; punitive damages; attorney's fees; consequential financial losses, medical bills, and additional emotional distress damages; litigation costs; expert costs; prejudgment and post judgment interest; and other costs of the suit incurred. *Id.* at ¶ 1-9. Plaintiff further prays for a permanent injunction and declaratory relief . *Id. at 4*. Based on the allegations in the Complaint, ESA's conservative, good faith estimate of the value of this action if Plaintiff prevails and recovers the damages that he seeks is well in excess of $75,000. Specifically, ESA estimates the amount in controversy as follows:

### A.   Lost Earnings

32.    According to Plaintiff's Complaint, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial. Compl. ¶¶ 35, 51, 68, 84, 94, 105, 115, 125, and of Plaintiff's prayer ¶ 1. The Court may consider lost earnings in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000.)

33.    Plaintiff alleges that he was forced to resign in early September 2025. (Compl. ¶ 24.) According to ESA's records, Plaintiff's employment with ESA ended on September 10, 2025, and at the time of separation, Plaintiff earned approximately $6,083.33 per month. Herrera Decl. ¶ 7. Accordingly, Plaintiff earned approximately $73,000 per year. *Ibid*.

34.    Based on Plaintiff's monthly earnings of approximately $6,083.33 per month, Plaintiff's lost earnings since his resignation on September 10, 2025 currently total $20,075 ($6,083.33 x 3.3 months). Therefore, by the time of trial, assuming it is eighteen months after removal, Plaintiff's lost earnings will be $109,499.94 ($6,083.33x18).

DEFENDANTS ESA MANAGEMENT, LLC AND RYAN MILLER'S
NOTICE OF REMOVAL OF CIVIL ACTION

## B.      Emotional Distress

35.      According to Plaintiff's Complaint, Plaintiff seeks to recover for general damages, including, but not limited to, "humiliation, emotional distress, and pain and anguish" in an amount according to proof at trial." (Compl. ¶¶ 36, 52, 69, 85, 95, 105, 112, 125, and of Plaintiff's prayer ¶ 1.) Emotional distress damages are properly considered in calculating the amount in controversy. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002).

36.      To establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Simmons,* 209 F.Supp.2d at 1033; *Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, \*4 (N.D. Cal. 1999). A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or wrongful termination cases commonly exceed $75,000. *Juarez v. Autozone Stores, Inc.*, No. 3:08-cv-00417-LAB-NLS, 2014 WL 7017660 (S.D. Cal. Nov. 12, 2014) (pain and suffering award of $250,000 in discrimination case); *Palma v. Rite Aid Corp.*, No. BC410416, 2012 WL 3541952 (Cal. Super. Ct. Aug. 10, 2012) (award of $3,000,000 in pain and suffering to employee who was terminated in a discrimination case); *Betson v. Rite Aid Corp.*, No. BC438824, 2011 WL 3606913 (Cal. Super. Ct. July 20, 2011) (pain and suffering award of $500,000 to employee in disability harassment action). Plaintiff's allegations that he was discriminated, and wrongfully terminated against is similar to the issues in the aforementioned cases and should therefore be considered in the amount in controversy.

## C.      Punitive Damages

37.      Additionally, Plaintiff has pled for the recovery of punitive damages. (Compl. ¶¶ 37, 53, 70, 86, 96, 107, 117, 127 and of Plaintiff's prayer ¶ 3.) The potential for a punitive damages award against ESA satisfies the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount

12

of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds. *Boyle v. Lorimar Prods., Inc.,* 13 F.3d 1357 (9th Cir. 1994). "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Soc'y.,* 320 U.S. 238, 240 (1943); *see also Davenport v. Mut. Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

38.     California courts have awarded plaintiffs significant punitive damages in employment actions alleging discrimination or retaliation. *See Gutierrez v. Dignity Health*, 2019 WL 3069313 (Kern Cty. Super. Ct.) (awarding Plaintiff $175,000 in punitive damages in disability discrimination and retaliation case); *Colucci v. T-Mobile USA Inc.*, 2017 WL 4265980 (San Bernardino Cty. Super. Ct.) (punitive damages award for $4,000,000 in disability discrimination case); *Flores v. Office Depot Inc.*, 2017 WL 773850 (Los Angeles Cty. Super Ct.) (awarding Plaintiff $8,000,000 in punitive damages in disability discrimination and retaliation case); *Ko v. Square Grp. LLC,* 2014 WL 8108413 (Los Angeles Cty. Super. Ct.) (awarding Plaintiff $125,000 for emotional distress and $500,000 in punitive damages in a disability discrimination case); *Juarez,* 2014 WL 7017660 (S.D. Cal. 2014) (punitive damages award of $185,000,000 in discrimination case); *Rodriguez v. Valley Vista Servs., Inc., et al*., 2013 WL 8603615 (Los Angeles Cty. Super. Ct.) (awarding Plaintiff $21,798,446 consisting of $528,185 in economic damages, $4,700,000 in non-economic damages, and $16,570,261 in punitive damages in a disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, and wrongful termination case); *Roby v. McKesson Corp.,* 47 Cal.4th 686 (2009) (holding that a punitive damage award of $1,900,000, equal to the compensatory damage award, was appropriate in FEHA case); *Wysinger v. Auto. Club*

*of Southern California*, 2006 WL 397031 (Santa Barbara Cty. Super. Ct.) (awarding Plaintiff $1,000,000 in punitive damages in disability discrimination case); *Vitrano,* 1998 WL 301262 (San Diego Cty. Super. Ct.) (awarding Plaintiff $318,817 in economic damages, $100,000 for emotional distress and $125,000 in punitive damages in disability discrimination case).

39.     Therefore, if Plaintiff were to prevail at trial, he could be awarded a substantial amount of punitive damages, which must be taken into consideration in evaluating the amount-in-controversy requirement for purposes of removal.

### D.     Attorneys' Fees

40.     Finally, Plaintiff also seeks attorneys' fees. (Compl. ¶¶ 38, 54, 71, 87, 97, 117, 128 and of Plaintiff's prayer ¶ 6.) Attorneys' fee claims are also properly considered in determining the amount in controversy. *Kroske v. US, Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Gait G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998).

41.     In employment cases, fee awards for prevailing plaintiffs tend to be high. See, e.g., *Beasley v. East Coast Foods, Inc*., Case No. BC509995 (L.A. County Sup. Ct.) (attorney's fees award of $1,514,140 in FEHA case). This amount alone can sometimes eclipse the $75,000.00 amount in controversy requirement for diversity jurisdiction, although here, combined with Plaintiff's claim for lost wages, the amount in controversy exceeds the $75,000.00 threshold. Adding the potential damages for attorneys' fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000.00. *See, e.g., White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim combined with a claim for attorney fees was sufficient to exceed the $75,000.00 minimum required to establish diversity jurisdiction).

/ / /

/ / /

/ / /

DEFENDANTS ESA MANAGEMENT, LLC AND RYAN MILLER'S
NOTICE OF REMOVAL OF CIVIL ACTION

## V.  ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

42.  Venue is proper with the Southern District of California in that this action is presently pending in the Superior Court of the State of California, County of San Diego, which is within the venue of the United States District Court for the Southern District of California.

43.  As required by 28 U.S.C. § 1446, copies of "all process, pleadings, and orders served upon such defendant" regarding the state court action are attached to this Notice of Removal as **Exhibits 1 and 2** to the Woods Decl., filed concurrently herewith.

44.  As required by 28 U.S.C. §1446(b), the Notice of Removal was filed within 30 days after ESA was served with Plaintiff's Complaint.

45.  As required by 28 U.S.C. §1446(d), ESA will provide notice of this removal to Plaintiff through his attorney of record, Remedy Law Group, LLP.

46.  As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of San Diego.

47.  As required by Federal Rule of Civil Procedure rule 7.1, ESA has concurrently filed its Disclosure Statement.

/ / /

/ / /

/ / /

DEFENDANTS ESA MANAGEMENT, LLC AND RYAN MILLER'S
NOTICE OF REMOVAL OF CIVIL ACTION

## VI.   <u>CONCLUSION</u>

48.   Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, Defendants respectfully requests that this Court exercise its removal jurisdiction over this action.

49.   In the event this Court has a question regarding the propriety of this Notice of Removal, ESA requests that the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis of this removal.

DATED: December 26, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Tiffany S. Woods*
Tiffany S. Woods
Young W. Choi

Attorneys for Defendants
ESA MANAGEMENT, LLC, a Delaware limited liability company and
RYAN MILLER, an individual

16
DEFENDANTS ESA MANAGEMENT, LLC AND RYAN MILLER'S
NOTICE OF REMOVAL OF CIVIL ACTION

**PROOF OF SERVICE**
*Ross Stibor v. ESA Management, LLC, et al.*
Case No. Pending

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On December 26, 2025, I served the following document(s):

**DEFENDANTS ESA MANAGEMENT, LLC AND RYAN MILLER'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

    ☐ the written confirmation of counsel in this action:
    ☐ [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

17

☐   **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☐   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   **(Federal)**   I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐   **(Federal)**   I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 26, 2025, at Costa Mesa, California.

Erin Montgomery

Type or Print Name                  Signature

18

DEFENDANTS ESA MANAGEMENT, LLC AND RYAN MILLER'S
NOTICE OF REMOVAL OF CIVIL ACTION

## SERVICE LIST

Andranik Tsarukyan (SBN 258241)    Attorneys for Plaintiff
Armen Zenjiryan (SBN 261073)     ROSS TIBOR, an individual
REMEDY LAW GROUP LLP
303 N. Glenoaks Blvd., Suite 200
Burbank, CA 91502
(818) 422-5941
Andy@remedylawgroup.com
Armen@remedylawgroup.com

19

DEFENDANTS ESA MANAGEMENT, LLC AND RYAN MILLER'S
NOTICE OF REMOVAL OF CIVIL ACTION    94535810.v1-OGLETREE