UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS STIBOR,<br><br>       Plaintiff,<br><br>  v.<br><br>ESA MANAGEMENT, LLC et al.,<br><br>       Defendants. | Case No.:  3:25-cv-3787-JAH-JLB<br><br>**ORDER GRANTING JOINT MOTION TO STAY PROCEEDINGS**<br><br>**[ECF No. 21]** |

Before the Court is Plaintiff Ross Stibor and Defendants ESA Management, LLC and Ryan Miller's (collectively, the "Parties") Joint Motion to Vacate the Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings, which the Court will construe as a Joint Motion to Stay Proceedings.  *See* ECF No. 21 ("Motion"); CivLR 7.2.

The Parties seek a stay of proceedings, including all upcoming discovery and other pre-trial deadlines, pending this Court's ruling on Plaintiff's pending Motion to Remand the Action to State Court.  *See* Mot. at 5, 7.; ECF No. 6 ("Motion to Remand"). Specifically, the Parties seek to stay the following pretrial deadlines outlined in the modified Scheduling Order:

- July 14, 2026: Deadline to serve written discovery requests;

- September 8, 2026: Completion of fact discovery;

- October 6, 2026: Deadline to designate experts in writing;

1

- October 20, 2026: Deadline to exchange rebuttal experts;
- November 17, 2026: Deadline for expert disclosure;
- December 1, 2026: Deadline to supplement expert disclosure regarding contradictory or rebuttal evidence;
- December 29, 2026: Completion of expert discovery;
- January 25, 2027: Mandatory Settlement Conference;
- February 2, 2027: Deadline to file pretrial motions; and,
- June 16, 2027: Final Pretrial Conference.

*See* Mot. at 5; ECF No. 19 ("Scheduling Order"). The Parties represent they have not yet commenced discovery pending the ruling on the Motion for Remand in order to "preserve costs, avoid potential conflicts between state and federal discovery, and avoid the expenditure of resources on discovery that may prove unnecessary if the case is remanded." Mot. at 7. They also represent that no party is prejudiced by a stay of proceedings. *Id*.

## DISCUSSION

A district court possesses the inherent authority to control its docket and stay proceedings to promote "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). There are "three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay: (1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024).

Here, the Court agrees with the Parties that Plaintiff's pending Motion to Remand raises a threshold jurisdictional question as to whether this Court has subject-matter jurisdiction over the action, and that such issues must be resolved before the Parties can meaningfully proceed with discovery or other pretrial proceedings. *See id*. at 1086 ("A district court may stay a case 'pending resolution of independent proceedings which bear upon the case[.]'") (citing *Leyva v. Cert. Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir.

2

1979)).  The Court also agrees that there is no risk of prejudice or hardship to any of the Parties, including because the Parties have not yet begun discovery and jointly agree that a stay is appropriate.

Accordingly, based on the foregoing, and with good cause appearing, the Court **HEREBY GRANTS** the Parties' Joint Motion to Stay Proceedings and **ORDERS** all proceedings in the above-captioned matter **STAYED** pending the Court's ruling on Plaintiff's Motion to Remand.  If Plaintiff's Motion to Remand is denied, new dates will be set by further order of the Court.

**IT IS SO ORDERED.**

DATED: July 13, 2026

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

3:25-cv-3787-JAH-JLB